NEWS MART, INC., d/b/a Kingston
Pike News, Appellant,

v.

STATE of Tennessee ex rel. Ronald A.
WEBSTER, District Attorney General
for the Third Judicial Circuit of Tennessee, Appellee.

V.S.D., INC., d/b/a Adult Boutique,
Appellant,

v.

STATE of Tennessee ex rel. Ronald A.
WEBSTER, District Attorney General
for the Third Judicial Circuit of Tennessee, Appellee.

Supreme Court of Tennessee.

Feb. 13, 1978.

Joseph J. Levitt, Jr., Knoxville, Frierson M. Graves, Jr., Memphis, for appellants.

Robert L. Jolley, Jr., Asst. Atty. Gen., Brooks McLemore, Jr., Atty. Gen., Nashville, for appellee.

COOPER, Justice.

## OPINION

News Mart, Inc., d/b/a Kingston Pike News, is the operator of a bookstore and motion picture establishment where motion pictures, commonly described as "peep shows," are shown. Appellant, V.S.D., Inc., d/b/a Adult Boutique, operates a similar establishment. The District Attorney General of Knox County brought separate actions against the appellants under the 1974 Obscenity Statute, codified as T.C.A. §§ 39–3010—39–3022, seeking to enjoin the further exhibition of untitled movies de-

scribed in affidavits accompanying the complaints. The trial court found the several films to be obscene and permanently enjoined each of the appellants, their agents and employees, from exhibiting: (1) the untitled motion pictures "described in the complaint and the affidavit of Captain Roy Whitfield" filed as an exhibit to the complaint, and (2) "any film, picture, publication, or other matter which depicts explicit acts of fellatio, cunnilingus, and excretory function of the human body."

On appeal, no issue is made of the finding by the trial court that the several "peep show" films described in the complaints and affidavits are obscene. Appellants do take issue, however, with the permanent injunctions as they apply to the future showing of unnamed and undescribed films. They also insist that the injunctions against showing the films that were the subject of the action are defective in that reference is made to the complaints and affidavits for a description of the films.

In our opinion, both contentions of the appellants are correct. The procedure set forth in the present obscenity act for the issuance of injunctions prohibiting the showing or displaying of obscene material is markedly similar to that set forth in the prior obscenity act. And, in considering the prior act in *New Riviera Arts Theatre v. State ex rel Davis*, 219 Tenn. 652, 412 S.W.2d 890 (1967), this court pointed out that the statute did not "authorize an injunction to restrain the acquisition and display of unidentified films, coming attractions or trailers which a court might in the future hold to be obscene. [And further] such a construction of the statute would vest in the courts an unlimited power of prior restraint on freedom of speech and press," violative of the first, fifth, and fourteenth amendments to the Constitution of the United States. We find nothing in the present statute—nor does the state insist there is—that supports the issuance of an injunction restraining the future showing of unnamed and undescribed films, nor do we find therein any basis for holding that such an injunction would not be an uncon-

stitutional prior restraint on the freedom of expression. Accordingly, the injunctions prohibiting the appellants, their agents and employees, from the future showing of untitled and undescribed films, not the subject of these actions, are reversed.

As to the injunction against the further showing of the films that were the subject of the complaints in these cases, Rule 65.02 of the Tennessee Rules of Civil Procedure specifically provides that:

(1) Every restraining order or injunction shall be specific in terms and shall describe in reasonable detail, *and not by reference to the complaint or other document,* the act restrained or enjoined. (emphasis supplied)

While there is no question but that the descriptions of the untitled films were described with specificity in the complaints and the affidavits of Captain Whitfield, the descriptions were not included in the injunctions other than by reference. This is contra to the requirement set forth in Rule 65.02, and necessitates a modification of the injunctions for them to be effective. We think the better procedure would be for the trial court to make the necessary modifications in the injunctions. Accordingly, both actions are remanded to the trial court with instructions that it modify the injunctions to include the detailed descriptions of the films set forth in the complaints and the affidavits of Captain Whitfield. Costs in this court are adjudged against appellants equally.

HENRY, C. J., and FONES, BROCK, and HARBISON, JJ., concur.